UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRICE,

Petitioner,

v.

JAMES CORRIGAN,

Respondent.

Case No. 1:23-cv-1302

Honorable Phillip J. Green

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 10.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not

parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies. The Court will also deny Petitioner's motion (ECF No. 1) to stay these proceedings and hold his amended habeas petition in abeyance.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

### I. Factual Allegations

Petitioner Robert Price is incarcerated by the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. On July 25, 2019, Petitioner pled guilty in the Montcalm County Circuit Court to operating a motor vehicle under the influence of intoxicating liquors—third offense. *See* Register of Actions, *People v. Price*, Case No. 2019-0000025595-FH (Montcalm Cnty. Cir. Ct.), https://micourt.courts.michigan.gov/case-search/court/C08~2 (enter "Price" for "Last Name or Business," enter "Robert" for "First Name," enter "1990" for "Birth Year," select Search, then select the case information for 2019-0000025595-FH) (last visited Jan. 24, 2024). On October 17, 2019, the court sentenced Petitioner to five months' incarceration, with credit for 106 days served, and three years of probation. *See id.* The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal on July 16, 2020. *See* Register of Actions, *People v. Price*, No. 352986 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/352986 (last visited Jan. 24, 2024).

On February 20, 2020, the trial court held an evidentiary hearing and found Petitioner guilty of two probation violations. The trial court revoked Petitioner's probation and sentenced him to 14 months to 5 years of incarceration, with credit for 256 days. *See* Register of Actions, *People v. Price*, Case No. 2019-0000025595-FH, https://micourt.courts.michigan.gov/case-search/court/C08~2. The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's applications for leave to

appeal on September 16, 2020, and February 2, 2021, respectively. *See* Register of Actions, *People v. Price*, COA No. 354520, MSC No. 162140, https://www.courts.michigan.gov/c/courts/coa/case/354520 (last visited Jan. 24, 2024). Petitioner then filed a § 2254 petition in the Eastern District of Michigan, which was dismissed without prejudice for failure to exhaust on June 28, 2021. *See Price v. Michigan*, No. 21-11285, 2021 WL 2646080, at *1 (E.D. Mich. June 28, 2021).

On or about April 25, 2022, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500, arguing: (1) ineffective assistance of trial and appellate counsel; (2) malicious prosecution and prosecutorial vindictiveness; (3) violations of his due process rights; and (4) that an evidentiary hearing was required to correct his presentence investigation report. (*See* ECF No. 11-1, PageID.63–64.) The trial court denied the motion in an order entered on August 8, 2022. (*Id.* at PageID.63–68.) The Michigan Court of Appeals denied Petitioner's application for leave to appeal on July 5, 2023. *See* Register of Actions, *People v. Price*, No. 365049 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/365049 (last visited Jan. 24, 2024). Petitioner's application for leave to appeal to the Michigan Supreme Court, which was filed on August 16, 2023, remains pending before that court. *See id.*

Meanwhile, on November 29, 2023, Petitioner initiated this action by filing a "motion to stay [and] abeyance" (ECF No. 1), as well as a copy of his Rule 6.500 motion (ECF No. 3), in the United States District Court for the Eastern District of Michigan. In an opinion and order (ECF No. 5) entered on December 12, 2023, the Eastern

District of Michigan transferred the action to this Court for further proceedings. In an order (ECF No. 9) entered on December 21, 2023, the Court noted that it was "premature to say anything regarding the propriety of Petitioner's request for a stay because Petitioner ha[d] not actually filed a habeas corpus petition setting forth his claims for relief." (*Id.*, PageID.6.) The Court directed Petitioner to file an amended habeas petition setting forth all the grounds for relief he intended to raise, even if presently unexhausted, within 28 days. (*Id.*)

On January 10, 2024, the Court received Petitioner's amended habeas corpus petition, raising three grounds for relief, as follows:

I. MCR 6.429 motion to correct clerical [and] substantial error and MCR 6.435 motion to correct an invalid sentence.

II. 6th Amendment of ineffective assistance of counsel.

III. 14th Amendment of due process.

(Am. Pet., ECF No.11, PageID.14–18.) Petitioner suggests that he raised these three grounds for relief in his Rule 6.500 motion, and that his appeal from the denial of that motion is still pending in the Michigan Supreme Court. (*Id.*)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–

77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that his claims are unexhausted. Indeed, Petitioner has moved the Court to enter an order staying these proceedings and holding them in abeyance as contemplated in *Rhines v. Weber*, 544 U.S. 269, 277 (2007). (ECF No. 1.) As noted above, Petitioner's appeal from the denial of his Rule 6.500 motion is still pending in the Michigan Supreme Court. The special remedy set forth in *Rhines* became necessary because the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1). Thus, dismissal without prejudice might effectively preclude future federal habeas review. This result was rendered more likely after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to such petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition that contains unexhausted claims could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines*, 544 U.S. at 277 (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Michigan Supreme Court denied Petitioner's application for leave to appeal the revocation of his probation and resulting sentence on February 2, 2021. Petitioner did not petition the United States Supreme Court for certiorari. The one-year limitations period, however, did not begin to run until the period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Because the Michigan Supreme Court entered the order denying discretionary review before July 19, 2021, the period to file

a petition for certiorari was 150 days.[2] The 150-day period expired on July 2, 2021. Thus, absent tolling, Petitioner would have one year, until July 2, 2022, in which to file his federal habeas petition. Petitioner filed this action on November 29, 2023.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

Here, Petitioner filed his motion for relief from judgment pursuant to Rule 6.500 on or about April 25, 2022. (ECF No. 11-1, PageID.63.) Petitioner's appeal from the denial of that motion remains pending in the Michigan Supreme Court. Thus, so long as proceedings on Petitioner's Rule 6.500 motion remain pending, the time will not count against him. However, after the Michigan Supreme Court rules on Petitioner's application for leave to appeal, the statute of limitations will run.

---

[2] *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021).

Based on Petitioner's representations and exhibits, his period of limitation has run from July 2, 2021, until April 25, 2022—a total of 298 days. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than 60 days remaining in his limitations period. Assuming that Petitioner promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted, and the Court will deny Petitioner's motion (ECF No. 1) for that relief. Instead, the Court will dismiss the petition for failure to exhaust available state court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467

(6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying Petitioner's motion (ECF No. 1) to hold his amended habeas petition in abeyance, denying Petitioner's motion (ECF No. 3) for relief from judgment pursuant to Michigan Court Rule 6.500 as unnecessary, and denying a certificate of appealability.

Dated: January 26, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge